NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID SINGH, | No. 15-72640 |
| Petitioner, | Agency No. A200-817-365 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2023[**]
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and S. MURPHY,[***] District Judge.

Petitioner David Singh sought review of an order from the Board of

Immigration Appeals (BIA) that dismissed his appeal of the immigration judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

(IJ) decision to deny his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on a lack of credible testimony. We deny the petition.

The BIA affirmed the IJ's denial of Petitioner's application for asylum, withholding of removal, and protection under CAT based on the adverse credibility determination of the IJ. We review the adverse credibility determination for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citations omitted). Credibility determinations are owed "special deference," and we "only exercise our power to grant a petition for review when the evidence compels a contrary conclusion." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005) (cleaned up).

Substantial evidence supports the BIA's determination that Petitioner failed to provide credible testimony to establish his eligibility for asylum and withholding of removal. Petitioner offered inconsistent testimony on three separate issues. Those inconsistencies provided substantial evidence to support the adverse credibility determination.

First, Petitioner gave inconsistent testimony relating to the day, month, and year of the incident that prompted him to seek asylum. And when questioned about the inconsistent dates, he gave a confusing explanation that the agency permissibly found to be unsatisfactory.

Second, Petitioner claimed he did not know the identity of his attackers during that incident because they attacked him from behind and wore coverings over their mouths. But he later testified that at least some attackers were police officers. He tried to reconcile these statements by making the incredible claim that he recognized his attackers' eyes as belonging to officers whom he had encountered years before. The agency was not compelled to accept that explanation.

Third, Petitioner provided inconsistent testimony relating to his arrest history. Petitioner first represented to an asylum officer that he had never been arrested for anything, in any country. Petitioner then claimed in his asylum application that he had been detained "twice or more" and placed in police custody "[o]n several occasions," only to later testify that he was arrested precisely twice. In an attempt to explain his initial silence about the arrests, Petitioner testified before the IJ that he was too afraid to mention the police in his initial statements to immigration officers when he first arrived in the United States. Then, to clarify the discrepancy regarding the number of arrests, Petitioner testified that the police had only arrested him twice but that they appeared in his home two more times. The agency reasonably concluded that these inconsistencies undermined Petitioner's credibility.

Together, the three independent discrepancies identified by the IJ and the

BIA support the adverse credibility finding, and the record does not "compel[] a contrary conclusion." *Kaur*, 418 F.3d at 1064.

Last, we affirm the BIA's denial of Petitioner's application for protection under CAT. When a petitioner's "claims under [CAT] are based on the same statements . . . that the BIA determined to be not credible" for establishing eligibility for asylum, the agency may rely on the same credibility determination to deny the petitioner's CAT claims. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Petitioner relied on the same testimony for protection under CAT as for his application for asylum and withholding of removal. Because we affirm the agency finding that Petitioner's testimony was not credible as to his application for asylum and withholding of removal, substantial evidence also supports the agency's denial of CAT relief. *See id.*[1]

The petition is **DENIED**.

---

[1] Petitioner's brief asserts that the BIA abused its discretion when it denied his motion for a "sua sponte" reopening of his case. The inclusion of this point in his brief is apparently in error because Petitioner never filed any such motion before the BIA.

4